**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>                Plaintiff,<br><br>         v.<br><br>JOHN DOES 1-7,<br><br>                Defendants. | Civil Action No.12-cv-1579 (RLW) |

## ORDER GRANTING LEAVE TO SERVE RULE 45 SUBPOENAS

Upon consideration of Plaintiff Malibu Media LLC's ("Malibu Media") Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Docket No. 2), and because Malibu Media alleges in the Complaint that "each of the Defendants' acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District" (Docket No. 1 at pp. 1-2), for the reasons set forth in Nu Image, Inc., v. Does 1–23,322, 799 F.Supp.2d 34 (D.D.C.2011), Malibu Media, LLC v. John Does 1-16, 2012 WL 1681819 (D.D.C. Apr 11, 2012), and Millennium TGA, Inc. v. Comcast Cable Communications LLC, --- F. Supp. 2d. ---, 2012 WL 2371426 (D.D.C. June 25, 2012), it is hereby

**ORDERED** that Malibu Media's motion is **GRANTED**; and

**IT IS FURTHER ORDERED** that having established that good cause exists for it to serve third party subpoenas on the Internet Service Providers ("ISPs") listed on Exhibit 4 to its Motion, Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit 4 to the Motion.  Plaintiff shall attach to any such subpoena a copy of this Order; and

**IT IS FURTHER ORDERED** that if any such ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall comply with the subscriber notice requirements set forth in 47 U.S.C. § 551(c)(2)(B), and that in any event, the ISP shall provide notice to its subscriber(s) at least 10 days prior to disclosure of any personally identifying subscriber information to the Plaintiff, see Malibu Media, LLC v. John Does 1-16, 2012 WL 1681819 (D.D.C. Apr 11, 2012); and

**IT IS FURTHER ORDERED** that because of the probable likelihood that the subscriber may not be liable for copyright infringement, and to avoid undue embarrassment due to the fact that the alleged copyright infringement appears to involve a pornographic work, the Plaintiff and the ISP are hereby prohibited from publicly disclosing any subscriber's personally identifying information disclosed pursuant to this Order absent further order of this Court.  See Malibu Media, LLC v. John Does 1-11, 2012 U.S. Dist. LEXIS 94648 (D.D.C. July 10, 2012); and

**IT IS FURTHER ORDERED** that Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants; and

**IT IS FURTHER ORDERED** that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**SO ORDERED**.

September 26, 2012                              _____
                                                Robert L. Wilkins
                                                United States District Judge