UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MALIBU MEDIA, LLC**,

      Plaintiff,

      v.

**JOHN DOES 1-7**,

      Defendants.

Civil Action No. 12-cv-1579 (RLW)

## ORDER

On September 26, 2012, the Court granted Plaintiff's Motion for Leave to File Third Party Subpoenas. (*See* Dkt. No. 5). Thereafter, Plaintiff issued Rule 45 subpoenas to three separate internet service providers: Comcast Communications, LLC ("Comcast"), Verizon Internet Services ("Verizon"), and RCN Telecommunications Services, Inc. ("RCN"). To date, however, the Court is informed that Plaintiff has only received responses to its subpoenas to Comcast, but not Verizon or RCN. According to counsel for Plaintiff, the lack of a response from Verizon and/or RCN is due, at least in part, to some potential ambiguity as to the status of one or more motion(s) to quash those subpoenas. To resolve any such ambiguity, the Court hereby confirms that there are no motions to quash any of Plaintiff's Rule 45 subpoenas pending before the Court.

The Court previously received two such motions to quash, but leave to file those motions was denied on December 3, 2012, and December 13, 2012, as reflected at Docket Entry Nos. 7 and 8, respectively. Neither motion remains pending before the Court. In both instances, the filing party failed to comply with this Court's requirements for proceeding with an anonymously-filed motion to quash as a "John Doe." For clarity's sake, the Court reiterates that,

1

to proceed in such a manner, the filing party must first file a Motion for Leave to Proceed Anonymously as a "John Doe," and this motion must set forth the supporting legal and factual basis for the request to proceed anonymously.  Along with the Motion for Leave to Proceed Anonymously, the moving party must file with the Court, under seal, a Declaration or Affidavit that includes the filing party's actual identity, including the filing party's true name, address, telephone number and, if applicable, email address.  If the Court grants the motion, only then may the party proceed to file a motion to quash anonymously as a "John Doe," and the Court will keep the filing party's identifying information under seal unless and until good cause exists to disclose the identity of the filing party to the Plaintiff or to anyone else.  If the Court denies the motion to proceed anonymously, then the party will have to either withdraw the motion to quash or identify him/herself on the motion to quash as provided in Local Civil Rules 5.1(e) and 11.1.  Either way, the Court must have a record of the identity of the party who is seeking relief so that the Court may properly communicate with the party.  Furthermore, when the motion to quash is either granted or denied, the Court needs to know the identity of the party who was either granted or denied relief—because the Court may in the future need to analyze the *res judicata*, law of the case, or preclusive effect of that ruling.  Of course, any Motion to Proceed Anonymously also must be properly served upon the Plaintiff in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.   Insofar as none of the above procedures were adhered to in this case, leave to file the two motions to quash was denied.

**SO ORDERED**.

Date:  January 28, 2013

                                                                                                                                   _____
                                                 ROBERT L. WILKINS
                                               United States District Judge